**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4263

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISIAH JAMEL BARBER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:11-cr-00357-BR-1)

Submitted:  July 29, 2022                                                     Decided:  August 4, 2022

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isiah Jamel Barber appeals the 24-month sentence imposed upon revocation of his supervised release. On appeal, Barber raises a single issue, contending that the court plainly procedurally erred by not calculating the Guidelines range before sentencing him after revoking his supervised release.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "[This Court] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, this Court first determines whether the sentence is procedurally or substantively unreasonable. *Id.* In making this determination, this court is guided by "the same procedural and substantive considerations that guide [its] review of original sentences," but it takes "a more deferential appellate posture than [it] do[es] when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

A supervised release revocation sentence is procedurally reasonable if the district court "adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (internal footnotes omitted); *see* 18 U.S.C. § 3583(e) (listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should

2

receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up). Only if this court finds a revocation sentence unreasonable does it consider whether the sentence "is plainly so, relying on the definition of plain used in [this Court's] plain error analysis—that is, clear or obvious." *Id.* at 208 (cleaned up). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, [this Court] will affirm it." *Id.* (internal quotation marks omitted).

A district court imposing a sentence upon revocation of supervised release "must consider the [non-binding] policy statements contained in Chapter 7 [of the Guidelines], including the policy statement range, as 'helpful assistance.'" *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (quoting *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006)); *see United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010); 18 U.S.C. § 3553(a)(4)(B). This duty requires that the policy statement range the district court considers be correctly calculated. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) ("The district court has the ultimate responsibility to ensure that the Guidelines range it considers is correct.").

In sentencing Barber, the district court did not calculate the applicable policy statement range in open court. However, the court discussed its reasons for revoking supervised release, including his drug addiction, that he had been given multiple chances, and to protect the public. The court then stated that it had "considered the policy statements on revocation contained in Chapter 7 of the sentencing guidelines as well as the relevant factors listed in 18 U.S.C. Section 3553(a)." The probation officer prepared a Supervised Release Revocation Worksheet describing the policy statement range, which was added to

3

the record on appeal by the district court pursuant to the Government's motion to correct the record.  There is no dispute that the worksheet was in the record at sentencing, both parties referred generally to the range, and Barber does not claim that the policy statement range of 18 to 24 months was improperly calculated.  On this record, we do not find that the district court erred procedurally in failing to expressly calculate the policy statement range.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4